THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CATHERINE SLAVISH, et al. :
:
        Plaintiffs :
v. : 3:17-CV-1468
: (JUDGE MARIANI)
CITY OF WILKES-BARRE, :
PENNSYLVANIA HOUSING :
AUTHORITY and DONNA KOZAK :
:
        Defendants :

# MEMORANDUM OPINION

## I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is a Report and Recommendation ("R&R") (Doc. 48) by Magistrate Judge Carlson in which he recommends that the motions to dismiss (Docs. 17, 27) by Defendants City of Wilkes-Barre, Pennsylvania Housing Authority (the "Housing Authority") and Donna Kozak be denied. Defendants filed Objections (Docs. 49, 51) to the Magistrate Judge's R&R and briefs in support of the Objections (Docs. 50, 52), to which Plaintiffs filed responses. (Docs. 54, 55).

On August 17, 2017, Plaintiffs filed a class action Complaint in the above-captioned matter setting forth five counts: violations of Plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments against Defendant Kozak (Count I); negligence against Defendant Housing Authority (Count II); breach of express warranty of habitability

against Defendant Housing Authority (Count III); breach of implied warranty of habitability against Defendant Housing Authority (Count IV); and unjust enrichment against Defendant Housing Authority (Count V). (Doc. 1).

After Defendants filed their motions to dismiss (Docs. 17, 27), the Court subsequently referred the motions to Magistrate Judge Carlson for the preparation of a Report and Recommendation. On June 14, 2018, the Magistrate Judge issued the R&R (Doc. 48) presently before this court.

## II. ANALYSIS

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, Defendants raised separate objections to the Magistrate Judge's R&R. (Docs. 49, 51). Defendant Kozak, in her brief in support of her Objections, argues that (1) Plaintiffs failed to plead a legally sufficient Fourteenth Amendment procedural due process claim; and (2) that the due process claim against her is barred because she has qualified immunity.

(Doc. 50).[1] Defendant Housing Authority argues in support of its Objection that it is a Commonwealth agency because Plaintiffs factually alleged such in their Complaint, which the Court must take as true. (Doc. 52). The Court will address these arguments in turn.

Defendant Kozak argues that Plaintiffs failed to plead a Fourteenth Amendment procedural due process claim because "there is no recognized liberty or property interest in decent, safe, and sanitary housing or access to statutory grievance procedures," and thus Plaintiffs' due process claim should be dismissed. (Doc. 50, at 6-7). However, none of the cases cited by Kozak support her contention that Plaintiffs' Fourteenth Amendment procedural due process claim should be dismissed. Specifically, Kozak relies on *Hurt v. Philadelphia Housing Authority*, 806 F. Supp. 515, 529 (E.D. Pa. 1992) to support her Objection. (Doc. 50, at 7). The plaintiffs in *Hurt* alleged that, as a result of injuries they suffered from exposure to lead-based paint, the defendants deprived them of "decent, safe, and sanitary housing" in violation of 42 U.S.C. § 1437 of the United States Housing Act of 1937 and their constitutional due process rights. 806 F.Supp. at 520. Although the court in *Hurt* found that the plaintiffs did not have a due process claim, the court held that the plaintiffs did in fact have a private right of action under the Housing Act against the

---

[1] Defendant Kozak's Objections also include an argument stating that her "motion to dismiss asserted a challenge to the legal sufficiency of Plaintiffs' Fifth Amendment procedural due process claim, which was not addressed in Judge Carlson's Report." (Doc. 50, at 3). The Magistrate Judge in his R&R correctly found that Plaintiffs had sufficiently pleaded a cause of action under the due process clause of the Fourteenth Amendment. (*see* Doc. 48). Therefore, the Court will not engage in an analysis of Plaintiffs' reference to the Fifth Amendment since it is unnecessary in light of Plaintiffs' sufficient allegations of a Fourteenth Amendment procedural due process claim.

3

Philadelphia Housing Authority. 806 F.Supp. at 525-526. *Hurt* is distinguishable from the present case. As the Magistrate Judge stated in his R&R:

> The plaintiffs' procedural due process claim, however, is not predicated simply on the Housing Act's statement of its purpose to provide for "decent, safe, and sanitary housing." Rather, the plaintiffs' procedural due process claim is based on a more nuanced and discrete allegation: the alleged denial of their rights to seek informal or formal resolution of their complaints about the unsanitary and dangerous conditions through a grievance process that the law expressly requires. The plaintiffs have alleged that Kozak effectively prevented them from access to the grievance process where they could take up the issue of the bed bug infestation, and have it addressed.

(Doc. 48, at 11-12). Therefore, unlike the plaintiffs in *Hurt* who asserted deprivations of "decent, safe, and sanitary housing," here, as explained immediately above by Magistrate Judge Carlson, Plainitffs' procedural due process claim is premised on an assertion that they were denied access to a grievance procedure. Plaintiffs assert that Kozak denied them access to the Housing Authority's grievance procedure under § 1437d (k) by "instructing residents not to discuss the bed-bug infestation, and threatening to evict and/or retaliate against residents who voiced concerns about the infestation." (Doc. 1, at ¶ 79).

Further, Kozak also cites to a number of cases involving civil litigation brought by inmates to support her claim that Plaintiffs, like prisoners, do not have access to a grievance procedure. However, the Third Circuit in *Allah v. Seiverling*, 229 F.3d 220, 224(3d Cir. 2000) found that prisoners do in fact have access to grievance procedures. Contrary to Kozak's contention, Plaintiffs are entitled to a statutory grievance procedure under the Housing Act.

As the Third Circuit in *Farley v. Philadelphia Housing Authority*, 102 F.3d 697, 702-703 (3d Cir. 1996) made clear, the language of the Housing Act is "mandatory, specific, and clear" as to the responsibility of public housing authorities to provide a grievance process for tenants. In the R&R, Magistrate Judge Carlson stated, "Kozak rendered the grievance process meaningless by refusing to attempt to informally or formally address the plaintiffs' complaints, something she is required to do under the law." (Doc. 48, at 13).

For the aforementioned reasons, as well as those set forth in the R&R, this Court rejects Kozak's Objection and adopts the thorough analysis undertaken by the Magistrate Judge. Thus, Plaintiffs' allegations with regard to Kozak are sufficient to state a cause of action under the Fourteenth Amendment.

Defendant Kozak's second Objection is that Plaintiffs' due process claim against her is "barred by qualified immunity as such liability has not been clearly established." (Doc. 50, at 8). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (internal citations omitted); *see also, Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (permitting federal courts discretion in determining which of the two prongs should be addressed first in its qualified immunity analysis). Here, Plaintiffs sufficiently alleged that Kozak prevented them from resolving the bed-bug infestation through the Housing

Authority's grievance procedure, which they had a right to access under the Housing Act. *Farley*, F. 3d at 702-703. In light of these allegations, Plaintiffs have sufficiently alleged that Kozak's actions are violative of § 1437 and the Fourteenth Amendment. Whether the constitutional rights invoked by Plaintiffs are clearly established as well as whether those rights have been violated present questions which must be decided upon a fully developed record and on a dispositive motion at the conclusion of discovery.

Finally, Defendant Housing Authority asserts in its Objection that Plaintiffs' pleaded and admitted in their Complaint that the Housing Authority is a Commonwealth agency, and, as such, it is entitled to Eleventh Amendment immunity. (Doc. 52, at 4). According to the Housing Authority, the Court must accept the pleadings as true because "Plaintiffs' allegations were not bald assertions, or legal conclusions, but were supported by statute and Third Circuit case law." (*Id*. at 6). With respect to this argument, the Court adopts the Magistrate Judge's analysis that, under the factors set forth in *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989), the limited record before this Court does not allow for a determination of whether the Housing Authority is in fact a Commonwealth agency.

### III. CONCLUSION

For the reasons set forth above, upon *de novo* review of the R&R (Doc. 48), the Court will adopt the R&R in its entirety. A separate Order follows.

Robert D. Mariani
United States District Judge